IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)



FILED
SEP 25 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

VIRGINIA M. POINDEXTER

    Plaintiff,

v.

MERCEDES-BENZ CREDIT CORPORATION
also known as
MERCEDES-BENZ FINANCIAL
**SERVE:** CT Corporation System, Registered Agent
       4701 Cox Road, Suite 301
       Glen Allen, Virginia 23060

    Defendant.

CIVIL ACTION NO. 1:13CV1200 CMH/TCB

## COMPLAINT

COMES NOW Plaintiff Virginia M. Poindexter ("Poindexter" or "Plaintiff"), by counsel, and files this Complaint as follows:

### PARTIES

1. Plaintiff is a resident of the Commonwealth of Virginia.

2. Upon information and belief, Mercedes-Benz Credit Corporation, also known as Mercedes-Benz Financial ("Mercedes-Benz"), is a Delaware corporation whose principal place of business is located at 111 Continental Drive, Suite 302, Newark, Delaware, 19713.

### VENUE AND JURISDICTION

3. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and in that this action is between citizens of different states.

Cameron/McEvoy
11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898 · 703.273.8897

4. This Court also has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, in that the matter in controversy arises under the laws of the United States.

5. This Court has personal jurisdiction over Defendant under Virginia Code § 8.01-328.1 in that the causes of action set forth herein arise from the Defendant transacting business in the Commonwealth of Virginia. Additionally, Mercedes-Benz entered into a contract with Plaintiff, a Virginia resident and, therefore, purposely availed itself of the privilege of conducting business in the Commonwealth of Virginia; Mercedes-Benz's contract with Plaintiff gave rise to this Complaint; and the exercise of personal jurisdiction over Mercedes-Benz is reasonable.

## FACTS

6. On or about April 17, 2001, Ms. Poindexter purchased an automobile from Mercedes-Benz pursuant to a Retail Installment Contract (the "Contract").

7. To secure repayment of the debt evidenced by the Contract, Ms. Poindexter conveyed a Deed of Trust to Mercedes-Benz securing the property owned by her and her husband at 47612 Loweland Terrace, Potomac Falls, Virginia 20165 (the "Property").

8. Mercedes-Benz recorded a copy of the Deed of Trust in the Land Records of the Circuit Court of Loudoun County. A true and accurate copy of the recorded Deed of Trust is attached hereto as Exhibit A.

9. Pursuant to Paragraph 16, "Release" of the Deed of Trust, upon payment of all sums secured by the Deed of Trust, Mercedes-Benz agreed to release the Deed of Trust without charge to Ms. Poindexter.

10. On or about April 28, 2004, Ms. Poindexter made her final payment under the Contract when she traded in her vehicle in exchange for a lease on another Mercedes vehicle and received a trade-in credit.

2

11. In 2013, when attempting to refinance the Property with her husband, Ms. Poindexter discovered that the Deed of Trust had never been released despite full payment being made pursuant to the Contract. Ms. Poindexter, her husband, and her lawyer have made multiple attempts by phone and letter to contact Mercedes-Benz and have it release the Deed of Trust, to no avail.

## COUNT I
### Breach of Contract

12. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

13. Under the terms of the Deed of Trust, Mercedes-Benz agreed to release the Deed of Trust upon payment of all sums secured by the Deed of Trust.

14. To date, Mercedes-Benz has failed to release the Deed of Trust from the Land Records of the Circuit Court of Loudoun County.

15. As a result of Mercedes-Benz's failure to fulfill its obligation, Ms. Poindexter has been damaged.

## COUNT II
### Slander of Title

16. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

17. Mercedes-Benz has published and continues to publish in the Land Records of the Circuit Court of Loudoun County false representations that it holds a Deed of Trust against the Property.

18. Mercedes-Benz has published this false representation with either malice or reckless disregard for the truth or falsity of the statement.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898  703.273.8897

Cameron/McEvoy

19. In the alternative, Mercedes-Benz has published with gross indifference as to the truth or falsity of the statement.

20. As a result of Mercedes-Benz's actions, Ms. Poindexter has been damaged. In addition, she has suffered special damages, including but not limited to, the fact that she has been denied the opportunity to refinance the existing mortgage on the Property at a lower interest rate.

## COUNT III
### Violation of the Federal Real Estate Settlement Procedures Act ("RESPA")

21. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

22. Pursuant to 12 U.S.C. § 2605, a loan servicer has a duty to respond and take corrective action following the inquiry of a loan borrower as to the servicing of the loan.

23. Ms. Poindexter and her agents have made numerous attempts to notify Mercedes-Benz and its agents of its failure to release the Deed of Trust and to request corrective action.

24. To date, Mercedes-Benz has failed to respond or correct its error.

25. As a result of Mercedes-Benz's failure, Ms. Poindexter has been damaged.

26. Pursuant to RESPA, Ms. Poindexter is entitled to her actual damages, statutory damages, court costs, and attorney's fees incurred.

## COUNT IV
### Violation of the Virginia Consumer Protection Act ("VCPA")

27. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

28. Pursuant to the VCPA, §59.1-199.1, *et seq.*, it is unlawful under Virginia law to use any false promise or misrepresentation in connection with a consumer transaction.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030    703.273.8898    703.273.8897

Cameron/McEvoy

29. Mercedes-Benz made a false promise or misrepresentation when it informed Ms. Poindexter that it would release the Deed of Trust upon her final payment of the security interest it held against her vehicle.

30. However, to date, Defendant has failed to release the Deed of Trust from the Land Records of the Circuit Court of Loudoun County.

31. Pursuant to the VCPA, Plaintiff is entitled to actual damages, statutory damages, her court costs, and reasonable attorney's fees incurred.

### COUNT V
### Violation of Virginia Code § 55-66.3

32. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

33. Pursuant to Virginia Code §55-66.3, after full satisfaction has been made of a debt secured by a deed of trust, the lien creditor shall issue a certificate of satisfaction in a form sufficient for recordation reflecting such payment and release of lien.

34. On or about April 24, 2004, Ms. Poindexter made the final payment in full satisfaction of the debt secured by the Deed of Trust.

35. However, to date, Defendant has failed to release the Deed of Trust from the Land Records of the Circuit Court of Loudoun County.

36. Pursuant to Virginia Code §55-66.3, Plaintiff is entitled to statutory damages, her court costs, and reasonable attorney's fees incurred.

### COUNT VI
### Declaratory Judgment

37. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

5

38. To date, Defendant has failed to release the Deed of Trust from the Land Records of the Circuit Court of Loudoun County.

39. However, Defendant has no valid lien against the Property because the debt secured by the Deed of Trust has been paid in full.

40. Ms. Poindexter is therefore entitled to a declaratory judgment from the Court that Defendant has no valid lien against the Property.

**WHEREFORE**, Plaintiff prays for relief as follows:

A. For actual damages suffered in an amount not less than $95,947.20;

B. For statutory damages in an amount to be determined at trial of this matter;

C. For attorneys' fees and costs pursuant to law;

D. For a declaratory judgment ordering that the cloud on the title of Property be removed; and

E. For such other relief as is just and equitable herein.

### Request for Jury Trial

Plaintiff hereby requests a trial by jury as to all issues joined herein.

Respectfully submitted,

VIRGINIA POINDEXTER
By Counsel

_____
Joanna L. Faust, VSB No. 72930
Cameron/McEvoy PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 460-9341 (Direct)
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
jfaust@cameronmcevoy.com
*Counsel for Plaintiff Virginia Poindexter*

6