

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

VIRGINIA M. POINDEXTER,    )
                           )
        Plaintiff,         )
                           )
v.                         )   Civil Action No. 1:13-cv-1200
                           )
MERCEDES-BENZ CREDIT       )
CORPORATION,               )
                           )
        Defendant.         )

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Mercedes-Benz Credit Corporation's ("MBCC" or "Defendant") Motion for Summary Judgment.

In this case, Plaintiff Virginia Poindexter ("Poindexter" or "Plaintiff") seeks in excess of $95,000 in damages because MBCC failed to file a certificate of satisfaction formally extinguishing a deed of trust it held on Poindexter's residence in 2004. Poindexter filed suit in 2013 after the lien created by the deed of trust allegedly caused a potential lender to decline to refinance the principal mortgage on Poindexter's property. TD Auto Finance ("TDAF"), the corporate successor to MBCC, recorded a certificate of satisfaction in 2013 after the oversight was brought to its attention, and Poindexter was able to refinance her existing mortgage through a different lender. Poindexter

asserts causes of action for breach of contract, slander of title, violation of the federal Real Estate Settlement Procedures Act, violation of the Virginia Consumer Protection Act, violation of Va. Code §55-66.3, and declaratory judgment. MBCC filed a Motion for Summary Judgment alleging that each of Poindexter's causes of action is barred either by the applicable statute of limitations or for failure to prove an element of the claim, or, both.

The Court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury

verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).

In Count I of her Complaint, Poindexter asserts a breach of contract claim, alleging that MBCC breached the Deed of Trust when it failed to release the lien on her principal residence upon payment of all sums secured by the Deed of Trust. Under Virginia law, the limitations period for such a claim begins to run "when the breach of contract occurs in actions ex contractu and not when the resulting damage is discovered." Va. Code Ann. §8.01-230. Poindexter's cause of action for breach of contract accrued in 2004; however, Poindexter did not bring this cause of action until 2013. Thus, Poindexter's breach of contract claim is time-barred as a matter of law and Defendant is entitled to summary judgment on Count I.

In Count II, Poindexter asserts a cause of action for slander of title, alleging that MBCC has published, and continues to publish, false representations that it holds a Deed of Trust against the Property in the land records of the Circuit Court of Loudoun County. The elements of a claim for slander of title are: (1) the defendant's publication of false words, (2) with malice, (3) that disparages plaintiff's property, and (4) special damages suffered by the plaintiff. Warran v. Bank of Marion, 618 F. Supp. 317, 320 (W.D. Va. 1985). When MBCC recorded the Deed of Trust in 2001, it truthfully stated that

Poindexter gave MBCC a lien on her principal residence. Poindexter slander of title claim fails as a matter of law because she cannot prove that MBCC published false words with malice disparaging the title to her property. Further, Poindexter's slander of title claim is time-barred under the five-year limitations period for injury to property. Va. Code Ann. § 8.01-243(B). Accordingly, Defendant is entitled to summary judgment on Count II.

Poindexter alleges a violation of the Real Estate Settlement Procedures Act ("RESPA"). Under RESPA, upon receipt of a "qualified written request" from a borrower, a mortgage loan servicer must provide the borrower with a written acknowledgement of his or her request within twenty business days of its receipt, 12 U.S.C. § 2605(e)(1)(A), and take action with respect to the inquiry within 60 business days of receipt. 12 U.S.C. § 2605(e)(2). A "qualified written request," which triggers the loan servicer's duty to respond, is defined as

> A written correspondence, other than a notice on a payment coupon or other payment medium supplied by the servicer that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reason for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

Poindexter never made a "qualified written request" to MBCC to trigger MBCC's obligations under Section 2605 of RESPA;

therefore, Defendant is entitled to summary judgment on Count III.

In Count IV, Poindexter asserts that MBCC violated the Virginia Consumer Protection Act ("VCPA") because MBCC allegedly made a false promise or misrepresentation when it informed Poindexter that it would release the Deed of Trust upon her payment of the security interest it held against her vehicle. The VCPA, by its express terms, does not apply to mortgage lenders. See Va. Code Ann. § 59.1-199(D) ("Nothing in this chapter shall apply to . . . mortgage lenders as defined in § 6.2-1600 . . . "). The VCPA defines "mortgage lender" as "any person who directly or indirectly originates or makes mortgage loans." Va. Code Ann. § 6.2-1600. MBCC functioned as a mortgage lender, thus, no VCPA claim can lie against MBCC as a matter of law. Further, Poindexter's cause of action is barred by the two year statute of limitations in the Act. Va. Code Ann. § 59.1-204(A). Defendant is entitled to summary judgment on Count IV.

In Count V, Poindexter asserts a violation of Va. Code Ann. § 55-66.3. This statute requires a lien creditor to tender a certificate of satisfaction within 90 days after payment in full of an obligation secured by a deed of trust. This statute does not specify a limitations period; therefore, any cause of action arising under the statute is governed by the general, two-year statute of limitations applicable to personal actions where no

limitations period is specified.[1] See Va. Code Ann. § 8.01-248. Poindexter did not bring this claim until seven years after the date MBCC should have tendered a certificate of satisfaction; therefore, it is barred by the statute of limitations as a matter of law. Defendant is entitled to summary judgment on Count V.

In Count VI, Poindexter asserts a cause of action for declaratory judgment, seeking a declaration that Defendant has no valid lien against the Property. This claim has been rendered moot by the recording of a Certificate of Satisfaction in the land records of Loudoun County. Defendant is entitled to summary judgment on Count VI of Plaintiff's Complaint.

For the aforementioned reasons, this Court finds that summary judgment in favor of the Defendant is appropriate. An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
July 25, 2014

---

[1] The five-year limitations period of Va. Code Ann. §8.01-246(2) does not apply because the Deed of Trust is not signed by MBCC. The three-year limitations period of Va. Code Ann. §8.01-246(4) is also inapplicable because that subsection applies only to unwritten contracts. Ultimately, this claim is time-barred irrespective of which limitations period applies.